



FILED ____ ENTERED
LODGED ____ RECEIVED

 JUN 2 4 2011   LK

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

11-CV-01048-CMP

# UNITED STATES DISTRICT COURT

for the

## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

THOMAS J. TUTTLE
             Plaintiff,

  v.

THE BANK OF NEW YORK MELLON,
AS TRUSTEE FOR CIT HOME EQUITY
LOAN TRUST 2002-2, NORTHWEST
TRUSTEE SERVICES, INC., and
VERICREST FINANCIAL INC.
             Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. **C11-1048**RSM

VERIFIED COMPLAINT
AND REQUEST FOR DECLARATORY AND
INJUNCTIVE RELIEF

JURY TRIAL DEMANDED

Plaintiff, THOMAS J. TUTTLE (herein "Plaintiff"), proceeding without counsel, hereby serves his Verified Complaint and Request for Declaratory and Injunctive Relief and alleges claims against Defendant BANK OF NEW YORK MELLON, as Trustee for CIT Home Equity Loan Trust 2002-2, Defendant NORTHWEST TRUSTEE SERVICES, INC. and Defendant VERICREST FINANCIAL INC. for violations of the Fair Debt Collection Practices Act, Federal Fair Credit Reporting Act, the Washington Deed of Trust Act, RCW 61.24 et.seq., (DTA) Real Estate Settlement Procedures Act12 U.S.C., and as grounds states: and as grounds states:

<u>Parties and Venue</u>

1. Plaintiff THOMAS J. TUTTLE is and was at all times material hereto a *sui juris* a resident of King County of the State of Washington and over the age of eighteen (18), and the

VERFIED COMPLAINT AND REQUEST
FOR DECLARATORY AND INJUNCTIVE
RELIEF

Page 1 of 17

Thomas J. Tuttle, Plaintiff
930 SW 356th St
Federal Way, WA 98023
(206) 661-3696

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

legal owner of the residential property identified herein *infra*. Whose mailing address is: 930 Southwest 356th Street, Federal Way, WA 98023

2. The Defendant, BANK OF NEW YORK MELLON, (BNYM) as Trustee for CIT Home Equity Loan Trust 2002-2 is a national association regulated by the Office of the Comptroller of the Currency (OCC) and whose address is 11 Madison Avenue, New York, NY 10010. Defendant, BNYM as Trustee for CIT Home Equity Loan Trust 2002-2 acted herein as a purported "trustee" for a securitization mortgage loan trust, CIT Home Equity Loan Trust 2002-2 which is, on information and belief, not a true "trust" at all but which is a statutory trust, that being a business entity which is exempt from the filing of annual reports and which was formed incident to the marketing and sale of certain mortgage backed securities, with numerous mortgage loans being placed within the securitized mortgage loan trust to serve as collateral security for the investors of the securities and so that the securities could obtain a certain rating from one or more of the rating agencies (i.e. Moody's, Fitchs, S & P, etc.) Defendant BNYM, as Trustee for CIT Home Equity Loan Trust 2002-2 is and was at all times material hereto heavily involved in the securitization of mortgage loans.

3. Defendant, NORTHWEST TRUSTEE SERVICES, INC. (NW TRUSTEE) is and was at all times material hereto a Washington corporation whose address is given as 13555 SE 36th Street, Suite 300, Bellevue, WA 98006. Defendant, NW TRUSTEE schedules and conducts "Trustee Sales" of residential property incident to non-judicial foreclosure proceedings in Washington.

4. Defendant, VERICREST FINANCIAL INC. (VERICREST) is and was at all times material

VERFIED COMPLAINT AND REQUEST
FOR DECLARATORY AND INJUNCTIVE
RELIEF

**Thomas J. Tuttle, Plaintiff**
**930 SW 356th St**
**Federal Way, WA 98023**
**(206) 661-3696**

hereto a Delaware Limited Practice company whose address is given as <u>801 Brickell Avenue Floor 9, Miami, FL 33131-2945</u>. And whose Registered Agent is: <u>CT CORPORATION SYSTEM, 1801 West Bay Drive NW, Suite 206, Olympia, WA 98502</u>. Defendant services real estate home loans.

5. The residential property which is the subject of this action (hereafter the "Property") is located at <u>930 Southwest 356th Street, Federal Way, WA 98023</u> in King County, Washington Assessor's Parcel Number: 3021049078 and is legally described as:

<u>S 150 FT OF W 1/2 OF SE 1/4 OF NE 1/4 OF NW 1/4 LESS E 195 FT LESS ST</u>

6. Venue is proper in this Court under 28 USC §1391 because the affected subject Property is located in Washington; the Defendants have substantial contacts within Washington;  the substantial events and acts necessary or precedent to the bringing of this lawsuit occurred or accrued in King County, Washington.

<u>JURISIDICTION</u>

7. This action arises under Federal Question 28 USC § 1331; Diversity – 28 USC § 1332.

8. This action arises under 15 U.S.C. § 1692 (FDCPA); 15 U.S.C. § 1681 (FCRA); Federal Question – 28 USC § 1331; RCW 61.24 (DTA); RCW 19.86 (CPA).

9. This action also arises under U.S.C. 2605(e).

10. The Amount in controversy exceeds $75,000.00

11. This Court has diversity jurisdiction (28 USC § 1332) over Defendants, MERS and VERICREST because the Plaintiff is a citizen of the state of Washington and said Defendants are not located in Washington.

12. This Court has jurisdiction over Defendant NW TRUSTEE and VERICREST as Debt Collectors pursuant to the Fair Debt Collection Practices Act, 15 USC § 1692-1692p.

VERFIED COMPLAINT AND REQUEST
FOR DECLARATORY AND INJUNCTIVE
RELIEF

Page 3 of 17

**Thomas J. Tuttle, Plaintiff**
**930 SW 356th St**
**Federal Way, WA 98023**
**(206) 661-3696**

and/or Real Estate Settlement Procedures Act12 U.S.C. § 2601. The court has jurisdiction over Defendant VERICREST with the Fair Credit Reporting Act, 15 USC §1681, as Defendant VERICREST also reports these accounts to the national credit reporting agencies i.e. Trans Union, Equifax and Trans Union, Experian and Innovis and all national credit reporting agencies.

13. This Court has supplemental jurisdiction over any remaining state law claims under 28 USC §1367(a) because the state law claims are so related to the federal claims that they from part of the same case or controversy.

14. This case also arises under the Washington Deed of Trust Act, RCW 61.24 *et. seq* (DTA). and the Washington Consumer Protection Act, RCW 19.86 (CPA).

15. Plaintiff is proceeding without assistance of counsel unschooled in law, *in propria persona*, requesting the court accept direction from *Haines v. Kerner*, 404 U.S. 519 (1972), *Boag v. MacDougall*, 545 US 360 (1982), *Puckett v. Cox* 456 F2d 233 (1972 Sixth Circuit USCA), and *Conely v. Gibson*, 355 US 41 at 48(1957), wherein the court has directed those who are unschooled in law making pleadings shall have the court look to the substance of the pleadings rather than the form.

16. This action also alleges negligence pursuant to *Beasley v. U.S. 81F.Supp. 518* "If the actor's conduct is a substantial factor in bringing about harm to another, or the manner in which it neither foresaw nor should have for seen the extent of the harm or the manner in which it occurred does not prevent him from being liable."

Evidence Relied Upon

The following documents are included herein for reference purposes only. Plaintiff does not attest to the accuracy, truth, correctness, validity and verification of the documents or the

VERFIED COMPLAINT AND REQUEST
FOR DECLARATORY AND INJUNCTIVE
RELIEF

Page 4 of 17

Thomas J. Tuttle, Plaintiff
930 SW 356th St
Federal Way, WA 98023
(206) 661-3696

contents thereof. In Washington, the County Record's are not required or allowed to make legal determinations about the contents of a document outside of the indexing requirements. Recordation of these documents in no way cleanses them of error and or fraud. Plaintiff reserves the right to contest all the document included hereinbelow on any proper grounds.

17. Statutory Warranty Deed recorded in King County, Washington, Auditor's file number 199710312626 and attached as Exhibit "A".

18. Deed of Trust recorded in King County, Washington under Auditor's file number 20020118002135 and attached as Exhibit "B".

19. Purported Notice of Default and attached as Exhibit "C".

20. QWR response and USPS mail tracking receipt for and attached as Exhibit "D".

21. Purported Assignment of Deed of Trust recorded in King County, Washington under Auditor's file number 20101122000918 and attached as Exhibit "E".

22. Purported Appointment of Successor Trustee recorded in King County, Washington under Auditor's file number 20101122000919 and attached as Exhibit "F".

23. Purported Notice of Trustee's Sale recorded in King County, Washington under Auditor's file number 20101202001010 and attached as Exhibit "G".

Material Facts Common to All Counts

24. The chain of title for the subject Property shows the plaintiffs holding undisputed clear title up until October 29, 1997, pursuant to the Statutory Warranty Deed recorded in King County, Washington, Auditor's file number 199710312626, attached as Exhibit "A".

25. On or about January 10, 2002, Plaintiff purportedly executed a private, unregistered, non-negotiable, non-endorsed Note without any CUSIP or OMB numbers referenced thereon and which was never recorded in any public record; the Note was purportedly

VERFIED COMPLAINT AND REQUEST
FOR DECLARATORY AND INJUNCTIVE
RELIEF

Thomas J. Tuttle, Plaintiff
930 SW 356th St
Federal Way, WA 98023
(206) 661-3696

Page 5 of 17

secured by a Deed of Trust, for the sum of $215.525.00 in favor of non-party CIT Group/Consumer Finance, Inc. (a Delaware Corporation). The purported Deed of Trust was recorded in King County, Washington under Auditor's file number 20020118002135 and is attached as Exhibit "B". Plaintiff is not licensed, bonded, insured, qualified or permitted to issue or co-issue negotiable notes or instruments; Plaintiff is not a banker or securities dealer.

1. On or about September 8th, 2010 Plaintiff was served with a purported "Notice of Default" which alleged that a purported beneficiary had declared Plaintiff in default on an alleged debt; the purported Notice of Default was not notarized, sworn, witnessed, certified, public or recorded in any public record.  Plaintiff disputes the alleged default and is attached as Exhibit "C". Plaintiff disputes that NW TRUSTEE was empowered at the time relevant to execute the notice of default on September 7, 2011. Becky Baker of NW TRUSTEE executed the document on September 7th, 2010, and in part reads "This is an attempt to collect a debt and nay information obtained will be used for that purpose." Plaintiff disputes that BNYM or VERICREST was the purported Beneficiary as defined by RCW 61.24.005(2) at the times relevant to make required declarations on September 7, 2011. Plaintiff dispute the authenticity of the purported Beneficiary Declaration of Default (RCW 61.24.030 (8)). Plaintiff disputes the authenticity of the purported Beneficiary Declaration of Note Holder (RCW 61.24.030 (7)(A)).

2. On or about October 22nd, 2010 Plaintiff executed and mailed a QWR to Defendant VERICREST. Plaintiff received incorrect responses from VERICREST. To date the Plaintiff has never received the required response per 12 U.S.C. § 2605(e). Plaintiff

VERFIED COMPLAINT AND REQUEST
FOR DECLARATORY AND INJUNCTIVE
RELIEF

Page  6 of 17

Thomas J. Tuttle, Plaintiff
930 SW 356th St
Federal Way, WA 98023
(206) 661-3696

disputes that the Defendant is in compliance with RESPA and attached as Exhibit "D".

3. On or about November 22, 2010, Plaintiff believes an invalid Assignment of Deed of Trust was recorded in King County, Washington under Auditor's file number 20101122000918 and attached as Exhibit "E". The document was executed November 11th, 2010 and signed by Karen Fields as "Sr. Vice President of The CIT Group / Consumer Financial, Inc., (a Delaware corporation) by Vericrest Financial, Inc. as attorney-in-fact". This document was notarized on November 15th, 2010 by MELINDA GIRARDEAU in San Diego, CA. It is unclear, undocumented, and unsupported under what authority VERICREST held to execute and record a purported Assignment of Deed of Trust to BNYM. The Deed of Trust is to The CIT Group / Consumer Financial, Inc., (a Delaware corporation) and no previous assignments are recorded in the public record. (13) "Trustee" means the person designated as the trustee in the deed of trust or appointed under RCW 61.24.010(2). VERICREST acted arbitrarily and independent of its principal when it executed the said purported assignment according to the said purported Assignment. Plaintiff disputes that VERICREST was the purported Beneficiary as defined by RCW 61.24.005(2) at the time relevant to appoint a successor trustee and make required declarations.   This document contradicts and was prerecorded to the purported Appointment of Successor Trustee and the unrecorded notice of default.

4. On or about November 22, 2010, Plaintiff believes an invalid Appointment of Successor Trustee was executed by a party that had no evident right or authority to make the appointment and recorded in King County, Washington under Auditor's file number

VERFIED COMPLAINT AND REQUEST
FOR DECLARATORY AND INJUNCTIVE
RELIEF

**Thomas J. Tuttle, Plaintiff**
**930 SW 356th St**
**Federal Way, WA 98023**
**(206) 661-3696**

20101122000919. This document was executed on September 8th, 2010 by Paul Laird, as "Vice President of The Bank of New York Mellon, as Trustee for CIT Home Equity Loan Trust 2002-2, by Vericrest Financial, Inc. as attorney-in-fact" to NW TRUSTEE. This document was notarized by MELINDA GIRARDEAU in San Diego, CA. It is unclear, undocumented, and unsupported as to what authority BNYM or VERICREST had or empowered to them standing or authority to execute said purported appointment of successor trustee, and is attached hereto as Exhibit "F". Plaintiff disputes the Defendant's purported Appointment of Successor Trustee as invalid and disputes the standing and authority of Defendant BNYM or VERICREST to make the said appointment.

5. On or about December 2, 2010, still acting under the alleged authority of the above said Appointment of Successor Trustee the Defendant NW TRUSTEE recorded a purported Notice of Trustee Sale in King County, Washington under Auditor's file number 20101202001010. In said document on page two (2) section III states in part "The beneficiary alleges default of the Deed of Trust.." no default is declared. Plaintiff disputes that BNYM or VERICREST was the purported Beneficiary as defined by RCW 61.24.005(2) at the times relevant to appoint a successor trustee and make required declarations.   Plaintiff disputes the authenticity of the purported Beneficiary Declaration of Default (RCW 61.24.030 (8)). Plaintiff disputes the authenticity of the purported Beneficiary Declaration of Note Holder (RCW 61.24.030 (7)(A)) and is attached hereto as Exhibit "G".

The Plaintiff incorporates all preceding paragraphs in these allegations.

VERFIED COMPLAINT AND REQUEST
FOR DECLARATORY AND INJUNCTIVE
RELIEF

Page  8 of 17

**Thomas J. Tuttle, Plaintiff**
**930 SW 356th St**
**Federal Way, WA 98023**
**(206) 661-3696**

### Count 1: INCORRECT PROMISSORY NOTE
### (AGAINST ALL DEFENDANTS)

6. Plaintiff's Note was private, unregistered and non-negotiable; non-endorsed Note without any *CUSIP* or *OMB* numbers referenced thereon and which was not witnessed, notarized, recorded in any public record or endorsed. It would not be admissible under the federal rules of evidence except perhaps by agreement of the parties and Plaintiff does not agree; at this time, no copy of the Plaintiff's Note appears in the court record; furthermore, Plaintiff is not licensed, bonded, qualified or permitted to issue or co-issue negotiable notes or instruments; Plaintiff is not a banker or securities dealer.

7. Plaintiff has not seen Plaintiff's original Note since the date it was executed.

8. Plaintiff has not seen the purported Note that the Defendants are relying on as a basis to foreclose. To the Plaintiff's knowledge Plaintiff's Note was never endorsed or transferred to the Defendants. There is no evident right or interest discernable that entitles the Defendants collect payments make modification or foreclose. Plaintiff has no copy available to attach and believes that none exists. Plaintiff disputes the purported Note relied upon by the Defendants.

9. Plaintiff believes the Plaintiff's Note no longer exists because it may have been written over/taken over and unilaterally changed possibly even made negotiable by some unknown entity.

10. If/When the Plaintiff's Note was written over/taken over by some unknown entity, that would unilaterally change section 9 of the terms and conditions "OBLIGATIONS OF PERSONS UNDER THIS NOTE" by making/issuing the Note perhaps "without recourse"; moreover,

VERFIED COMPLAINT AND REQUEST
FOR DECLARATORY AND INJUNCTIVE
RELIEF

**Thomas J. Tuttle, Plaintiff**
930 SW 356th St
Federal Way, WA 98023
(206) 661-3696

11. No entity ever sought or got the permission of the Plaintiff to make any changes to Note. The unilateral changes would have destroyed the loan agreement and trust between Plaintiff and The CIT Group/Consumer Finance, Inc.; and by doing so, some unknown entity may have effectively discharged the Plaintiff from the obligation and took the entire obligation upon its self of its own accord.

12. Plaintiff's signature on the Note is moot because the terms and conditions may have been unilaterally changed by some unknown entity after the Plaintiff signed it. The Note relied upon by the Defendant is some unknown entity's Note not the Plaintiff's.

13. Whereas the Plaintiff's obligation was possibly discharged by some unknown entity's unilateral changes so then the subject Deed of Trust would no longer secure any Note and is moot as well.

14. Foreclosing the Plaintiff's Deed of Trust to enforce an unknown entity's (obligation) or Securities is also a direct violation of RCW 61.24.005(2).

15. Plaintiff may have benefited from some unknown entity's unilateral change and the resultant discharge. Right, wrong or otherwise, the Plaintiff's obligation would have become nothing more than a non-binding 'best efforts' exposition. Now the Defendants want to steal the Plaintiff's benefit. Plaintiff could not anticipate any unknown entities actions, had no control over them, find them inexplicable but Plaintiff does not intend to be held liable for them.

16. There is no evidence the Plaintiff defaulted on the Plaintiff's previously possibly discharged obligation, which is impossible.

17. Plaintiff disputes the authenticity of the Note relied upon by the Defendants.

VERFIED COMPLAINT AND REQUEST
FOR DECLARATORY AND INJUNCTIVE
RELIEF

Page 10 of 17

Thomas J. Tuttle, Plaintiff
930 SW 356th St
Federal Way, WA 98023
(206) 661-3696

18. Plaintiff demands permanent injunction to restrain the Defendants from foreclosing the Plaintiff's property based upon an unknown entity's Note and an order rescinding all the foreclosure proceedings and documents.

### Count 2: ERRONEOUS DEFAULT
### (AGAINST ALL DEFENDANTS)

19. Without knowing who the true beneficiary is, which can only be determined by examining the successive intervening endorsement(s) to the Note, the Defendants have only an alleged default declared by a purported and unassigned beneficiary and thus the Defendants have failed to fully comply with the provisions of the Washington Deed of Trust act regarding the beneficiary's obligation to declare a default. Plaintiff disputes the alleged default.

20. If a beneficial interest has survived under the Plaintiff's Deed of Trust, it belongs to the non-party Holders of the CIT Home Equity Loan Trust 2002-2, Mortgage-Backed Certificates. These said Certificate Holders are the true Beneficiary under the Plaintiff's Deed of Trust if it is still valid.

21. There is no evidence the Certificate Holders chose to pursue collection of either the Plaintiff's obligation or The CIT Group/Consumer Finance, Inc.'s obligation much less actually alleged/declared a default.

22. None of the requisite conditions provide by statute, RCW 61.24 et. seq. have been met. Non-judicial foreclosure is preconditioned upon:

   a. That a default has actually occurred (RCW 61.24.030(3)); and,

   b. The beneficiary as defined by RCW 61.24.005(2) has proof it owns the Note (RCW 61.24.030(7)(a); and,

   c. The beneficiary as defined by RCW 61.24.005(2) has to declare the borrower to

VERFIED COMPLAINT AND REQUEST
FOR DECLARATORY AND INJUNCTIVE
RELIEF

Page 11 of 17

**Thomas J. Tuttle, Plaintiff**
**930 SW 356th St**
**Federal Way, WA 98023**
**(206) 661-3696**

be in default (see RCW 61.24.030(8)(c).

23. There is no evidence the Plaintiff defaulted on the discharged obligation.

24. There is no evidence the said Certificate Holders declared a default.

25. So far, only a purported and unassigned beneficiary has alleged a default.

26. Plaintiff is permitted to contest the alleged default pursuant to RCW 61.24.030(8)(j) and RCW 61.24.130 requires that the challenge to brought through a lawsuit.

27. Plaintiff is challenging the alleged default and demands an order rescinding of the Notice of Default issued by Defendant NW TRUSTEE and all other documents and instruments supported by it.

Count 3: MISTAKEN BENEFICIARY

(AGAINST ALL DEFENDANTS)

28. There is no evidence the Plaintiff's Note was endorsed over to any of the Defendant(s).

29. It is not evident that Plaintiff's Note was ever transferred to the Defendant BNYM, as Trustee for CIT Home Equity Loan Trust 2002-2; thus, it is not clearly evident who holds the beneficial interest in the Plaintiff's obligation at this time. Plaintiff disputes the alleged beneficial interest claimed by the Defendants.

Count 4: ERRONEOUS CREDIT REPORTING

(AGAINST VERICREST FINANCIAL INC.)

30. Defendant VERICREST violated the Fair Credit Reporting Act (FCRA) 15 USC § 1681, et seq. by erroneously reporting the obligation of "The CIT Group/Consumer Finance, Inc.'s" as if it were the obligation of the Plaintiff's.

31. Plaintiff properly disputed this debt to credit reporting companies and VERICREST.

32. Defendant is in violation of the FCRA and Plaintiffs demand a judgment pursuant to the provisions of the Act for each violation and punitive damages plus per diem adjustments and possibly Private Attorney General fees as prescribed by law to be

VERFIED COMPLAINT AND REQUEST
FOR DECLARATORY AND INJUNCTIVE
RELIEF

Thomas J. Tuttle, Plaintiff
930 SW 356th St
Federal Way, WA 98023
(206) 661-3696

1  determined at trial.

2  33. Defendant VERICREST_violated the *Fair Credit Reporting Act (FCRA)* 15 USC § 1681, et

3

4  seq. by erroneously reporting the obligation of "The CIT Group/Consumer Finance, Inc."

5  as if it were the obligation of the Plaintiff's.

6  34. Defendant is in violation of the FCRA and Plaintiff demands a judgment pursuant to the

7  provisions of the Act for all violations and punitive damages plus per diem adjustments

8  and possibly Private Attorney General fees as prescribed by law.

Count 5: UNANSERED QWR
9  RESPA 12 U.S.C. § 2605(e)
(AGAINST VERICREST FINANCIAL INC.)
10  35. On  or  about  October  22nd,  2010  Plaintiff  sent  a  Qualified  Written  Request  to  the

11  purported loan servicer Defendant VERICREST. An incorrect response was received by
12

13  Plaintiff on or about October 25th, 2010 and on October 28th, 2010 and is attached as

14  Exhibit "C" to date Plaintiff has never received the required response per 12 U.S.C. §

15  2605(e). Plaintiff disputes that the Defendant is in compliance with RESPA per 12 U.S.C.

16  § 2605(e).

17  36. Defendant is in violation of the FCRA and Plaintiff demands a judgment pursuant to the

18  provisions of the Act for all violations and punitive damages plus per diem adjustments

19  and possibly Private Attorney General fees as prescribed by law.

20  Count 6: TEMPORARY, PRELIMINARY AND
PERMANENT INJUNCTIVE RELIEF
21  37. This is an action for injunctive relief which is brought upon proper legal and equitable

22
grounds and pursuant to RCW 61.24.130.
23

24  38. The plaintiff will be irreparably harmed and permanently deprived of possession of the

25  subject Property by the trustee's sale now scheduled ████████████ not restrained.

26

VERFIED COMPLAINT AND REQUEST
FOR DECLARATORY AND INJUNCTIVE
RELIEF

Thomas J. Tuttle, Plaintiff
930 SW 356th St
Federal Way, WA 98023
(206) 661-3696

Page  13 of 17

39. Plaintiff has no adequate remedy at law to redress the irreparable harm which will ensue from disposition of their property.

40. ░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░░ be followed up with a preliminary restraining order until matters of the Plaintiff's right and interests in this matter can be finally decided and preserved with a permanent injunction against the Defendants.

THEREFORE, the Plaintiff demands that:

WHEREFORE, the Plaintiff prays for judgment to be entered jointly and severally herein against all Defendants as follows:

(a) Plaintiff demands a permanent injunction to restrain the Defendants from foreclosing the Plaintiff's property based upon Incorrect Promissory Note, Erroneous Default, Mistaken Beneficiary, Erroneous Credit Reporting, Unanswered QWR, Invalid Appointment of Successor Trustee, Erroneous Assignment of Deed of Trust, Erroneous Notice of Trustee's sale, and an order rescinding all the foreclosure proceedings and documents.

(b) Plaintiff demands an order rescinding of the Notice of Default issued by Defendant NW TRUSTEE and all other documents and instruments supported by it.

(c) Plaintiff demands a judgment against NW TRUSTEE for each violation of the Fair Debt Collection Practices Act (FDCPA) 15 USC § 1692-1692p., et seq. by erroneously collecting the debt/obligation and for punitive damages plus per diem adjustments and Private Attorney General fees as prescribed by law. Plaintiff disputes that the Defendant is in compliance with FDCPA.

(d) Plaintiff demands a judgment against VERICREST for each violation of the RESPA Act 12

VERFIED COMPLAINT AND REQUEST
FOR DECLARATORY AND INJUNCTIVE
RELIEF

Page  14 of 17

Thomas J. Tuttle, Plaintiff
930 SW 356th St
Federal Way, WA 98023
(206) 661-3696

U.S.C. § 2605(e) and for punitive damages plus per diem adjustments and Private Attorney General fees as prescribed by law. To date Plaintiff has never received the required response per 12 U.S.C. § 2605(e). Plaintiff disputes that the Defendant is in compliance with RESPA.

(e) Plaintiff demands a judgment against VERICREST for each violation of the Fair Credit Reporting Act (FCRA) 15 USC § 1681, et seq. by erroneously reporting the debt/obligation and for punitive damages plus per diem adjustments and Private Attorney General fees as prescribed by law. To date Plaintiff has never received the required response per 15 USC § 1681, et seq. Plaintiff disputes that the Defendants are in compliance with FCRA.

(f) For an order requiring the Defendants to deliver forthwith into the Court all copies of which Defendants have actual or constructive knowledge of, any deeds, promissory notes, or other documents purporting to convey, encumber, or otherwise affect the Plaintiff's property, or granting or affecting the authority of any other person to act on the Defendant's behalf;

(g) All statutory damages to which the Plaintiff is entitled under Fair Debt Collection Practices Act, Fair Credit Reporting Act, Washington Consumer Protection Act, Usury Statute, TILA, RESPA, and any other applicable laws;

(h) Plaintiff demands a temporary restraining order to be followed up with a preliminary restraining order until matters of the Plaintiff's right and interests in this matter can be finally decided and preserved with a permanent injunction against the Defendants.

Respectfully submitted.

VERFIED COMPLAINT AND REQUEST
FOR DECLARATORY AND INJUNCTIVE
RELIEF

Thomas J. Tuttle, Plaintiff
930 SW 356th St
Federal Way, WA 98023
(206) 661-3696

1  Dated this 23rd day of June, 2011.

2  <u>**VERIFICATION**</u>

3  Plaintiff: THOMAS J. TUTTLE, Plaintiff

4
   Signature: _____

5  **JURAT**

6

7  I _Melissa D. Wagner_ a Notary Public certify that I know or have satisfactory

8  evidence that THOMAS J. TUTTLE appeared before me, and executed this Verified Complaint as
   his sworn statement as a free and voluntary act of their own will under penalty of perjury.

9  I certify under PENALTY OF PERJURY under the laws of the State of Washington, County of

10  _Pierce_____ that the foregoing paragraph is true and correct.

11  _June 23rd 2011_

12  DATED:
    _Mlissa D. C_

13  Notary Public
    My appointment expires _3-16-14_____

14

15

16

17

18

19

20

21

22

23

24

25

26

VERFIED COMPLAINT AND REQUEST                    **Thomas J. Tuttle, Plaintiff**
FOR DECLARATORY AND INJUNCTIVE                          **930 SW 356th St**
RELIEF                                              **Federal Way, WA 98023**
                                                        **(206) 661-3696**

Page  16 of 17

1

EXHIBITS ATTACHED

2

Exhibit **A** – Statutory Warranty Deed **(199710312626)**

3

Exhibit **B** -- Deed of Trust **(20020118002135)**

4

Exhibit **C** – Purported Notice of Default

5

6

Exhibit **D** – USPS Mailing receipt for QWR and Incorrect Answers

7

Exhibit **E** –Purported Assignment of Deed of Trust **(20101122000918)**

8

Exhibit **F** -- Purported Appointment of Successor Trustee **(20101122000919)**

9

Exhibit **G** -- Purported Notice of Trustee Sale **(20101202001010)**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

VERFIED COMPLAINT AND REQUEST
FOR DECLARATORY AND INJUNCTIVE
RELIEF

Page  17 of 17

**Thomas J. Tuttle, Plaintiff**
**930 SW 356th St**
**Federal Way, WA 98023**
**(206) 661-3696**

# EXHIBIT "A" ATTACHED

# (HEREUNDER)

AFTER RECORDING MAIL TO:
THOMAS J. TUTTLE
930 SW 356TH STREET
FEDERAL WAY, WA 98023

Filed for Record at Request of
Admiral Escrow, Inc.
Escrow Number: 18913F

## Statutory Warranty Deed

Grantor(s): MITCHEL A. VARON, REBECCA VARON
Grantee(s): THOMAS J. TUTTLE, KATHY R. TUTTLE
Abbreviated Legal: Section 36, Township 21N Range 4E NE Quarter of the NW
Quarter, records of KING County, WA
Additional legal(s) on page: 2
Assessor's Tax Parcel Number(s): 302104-9078-03

THE GRANTOR MITCHEL A. VARON and REBECCA VARON, HUSBAND AND WIFE
for and in consideration of TEN DOLLARS AND OTHER GOOD AND VALUABLE CONSIDERATION
in hand paid, conveys and warrants to THOMAS J. TUTTLE and KATHY R. TUTTLE, HUSBAND AND
WIFE
the following described real estate, situated in the County of KING , State of Washington:
See Attached Exhibit A

See Attached Exhibit B
Dated this 28th day of October, 1997

By _____     By _____
   MITCHEL A. VARON

By _____     By  Mitchel a. Varon P.O.A
   REBECCA VARON

STATE OF WASHINGTON
County of PIERCE                                    } SS:

On this 28th day of September October, 1997 before me personally appeared MITCHEL A.
                                                                                VARON
, to me known to be the individual described in and who
executed the foregoing instrument for _____ himself and as Attorney in Fact for REBECCA VARON
and acknowledged that he signed and
sealed the same as his free and voluntary act and deed for him self and also as his
free and voluntary act and deed as Attorney in Fact for said principal for the uses and purposes therein
mentioned, and on oath stated that the Power of Attorney authorizing the execution of this instrument has not
been revoked and that the said principal is now living, and is not incompetent.

Given under my hand and official seal the day and year last above written.
(Seal)
                                                    _____
                                                    VELMA A. AVILA
                                                    Notary Public in and for the State of WASHINGTON
                                                    Residing at MILTON
                                                    My appointment expires: 7/22/2001

Page 1                                                                              LPB-10

## Exhibit A

THE SOUTH 150 FEET OF THE WEST HALF OF THE SOUTHEAST QUARTER OF THE
NORTHEAST QUARTER OF THE NORTHWEST QUARTER OF SECTION 30, TOWNSHIP 21 NORTH,
RANGE 4 EAST, W.M., IN KING COUNTY, WASHINGTON;
EXCEPT THE EAST 195 FEET THEREOF;
AND EXCEPT THAT PORTION THEREOF WHICH LIES WITHIN SOUTH 356TH STREET, AS
SHOWN ON THE PLAT OF L'ORIGAN MANOR, ACCORDING TO THE PLAT THEREOF RECORDED
IN VOLUME 45 OF PLATS, PAGE 33, RECORDS OF KING COUNTY, WASHINGTON;

ALSO EXCEPT THAT PORTION DEEDED TO KING COUNTY FOR SOUTHWEST 356TH STREET,
RECORDED UNDER RECORDING NO. 8902230239.

SITUATE IN THE COUNTY OF KING, STATE OF WASHINGTON.

9710312626

## Exhibit B

The property legally described herein is subject to covenants, conditions, restrictions, easements and/or agreements of record as disclosed on Page 2 43 of this document.

EASEMENT FOR THE RIGHT TO MAKE SLOPES FOR CUTS AND FILLS ALONG THE STREET MARGIN OF SAID PREMISES ABUTTING SOUTHWEST 356TH STREET, AS GRANTED BY DEED RECORDED UNDER RECORDING NO. 8902230239.

EASEMENT AND CONDITIONS CONTAINED IN DOCUMENT:

RECORDED: FEBRUARY 23, 1989
RECORDING NO.: 8902230240
IN FAVOR OF: KING COUNTY
FOR: SLOPES AND UTILITIES
AFFECTS: SOUTHERLY PORTION OF THE PROPERTY HEREIN
DESCRIBED

AGREEMENT AND THE TERMS AND CONDITIONS THEREOF:

BETWEEN: KENNETH B. NELSON AND JUNE I. NELSON, HIS
WIFE
AND: KING COUNTY
DATED: JULY 10, 1989
RECORDED: AUGUST 2, 1989
RECORDING NO.: 8908020183
FOR TO RECONSTRUCT DRIVEWAYS
AFFECTS: SOUTHERLY PORTION OF SAID PREMISES

SAID INSTRUMENT STATES THAT IT SUPERCEDES THE
INSTRUMENT RECORDED UNDER RECORDING NO. 8902230241.

9710312626

# EXHIBIT "B" ATTACHED

# (HEREUNDER)

WHEN RECORDED MAIL TO

The CIT Group/
Consumer Finance, Inc.
P.O. Box 630
Marlton, NJ 08053-3941



200201180002135
OLD REPUBLIC T DT          15 00
PAGE 001 OF 007
01/18/2002 14 58
KING COUNTY, WA

SPACE ABOVE THIS LINE FOR RECORDER S USE

# DEED OF TRUST

| | THOMAS J TUTTLE<br>KATHY R TUTTLE<br>HUSBAND AND WIFE | Beneficiary<br>Name<br>and<br>Address | The CIT Group/Consumer Finance, Inc<br>(a Delaware Corporation) |
|---|---|---|---|
| TRUSTOR(S)<br>Name(s)<br>and<br>Address(es) | | | 3400 188 STREET, S.W.<br>SUITE 210<br>LYNNWOOD, WA 98037 |
| | 930 SW 356TH STREET<br>FEDERAL WAY, WA 98023   ("Borrower") | | ("Lender") |

TRUSTEE'S NAME AND ADDRESS

**OLD REPUBLIC TITLE, 4114 198TH ST SW #4, LYNNWOOD WA 98036**

| LOAN NUMBER | DATE | PRINCIPAL BALANCE | FINAL PAYMENT DATE |
|---|---|---|---|
| | 01/10/02 | $215,525.00 | 01/15/32 |

Borrower owes Lender the principal sum shown in the Principal Balance box above This debt is evidenced by Borrower's Promissory Note dated the same date as this Deed of Trust ("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and payable on the Final Payment Date shown above This Deed of Trust, WITH POWER OF SALE, secures to Lender (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications, (b) the payment of all other sums, with interest, advanced under paragraph 2 hereunder to protect the security of this Deed of Trust, and (c) the performance of Borrower's covenants and agreements under this Deed of Trust and the Note For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in     **KING**

County, Washington.          **SEE ATTACHED LEGAL DESCRIPTION 'EXHIBIT A'**

Abbreviated Legal Description   **PORTION OF THE NORTHEAST QUARTER OF THE NORTHWEST QUARTER OF SECTION 30, TOWNSHIP 21 NORTH, RANGE 4 EAST, W.M.**
Additional Legal Description is on page 5 of document,

Assessor's Tax Parcel ID #   **302104-9078-03**                  ,

which has the address of   **930 SW 356TH STREET**                ,   **FEDERAL WAY**
                                          (Street)                                    (City)   1555
Washington      **98023**                        ("Property Address"),
                        (Zip Code)            **OLD REPUBLIC TITLE LTD.** 114648

Together with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, rents, royalties, mineral, oil and gas rights and profits, water rights and stock and all fixtures now or hereafter a part of the property All replacements and additions shall also be covered by this Deed of Trust All of the foregoing is referred to in this Deed of Trust as the "Property" The property is not used principally for agricultural or farming purposes

Borrower covenants that Borrower is lawfully seized of the estate hereby conveyed and has the right to grant and convey the Property Borrower warrants that the lien created by this Deed of Trust is a valid and enforceable lien subordinate only to easements, liens and restrictions of record as of the date of this Deed of Trust, and that during the entire term of the indebtedness secured by this Deed of Trust, Borrower will not permit this lien to become subordinate to anything else Borrower warrants and will defend the title to the Property against all claims and demands except such easements, liens and restrictions of record as of the date of this Deed of Trust

Borrower and Lender covenant and agree as follows

1. **Payment of Principal and Interest; Prepayment and Late Charges.** Borrower shall promptly pay when due the principal of and interest on the debt evidenced by the Note and any prepayment and late charges due under the Note

**SEE PAGES 2, 3, 4 AND 5 FOR ADDITIONAL IMPORTANT TERMS**
                                                                        Initial(s) X

01/10/02   19 34   1450780                                                              Page 1 of 5
2 2558A (9/97) Washington Adjustable Rate

**2. Taxes-Liens-Insurance-Maintenance.** Borrower will pay, when they are due and payable, all taxes, liens or security titles (legal claims), assessments, obligations, water rates and any other charges against the Property, whether superior or inferior to the lien or security title of this Deed of Trust, including paying Lender any costs, including outside attorney's fees incurred by Lender in defending any lawsuit by prior or later lienholders or security title holders on the Property, maintain hazard insurance on the Property in Lender's favor in a form and amount satisfactory to Lender and maintain and keep the Property in good repair at all times during the term of this Deed of Trust pursuant to paragraph 4 below. If Borrower fails to maintain the Property in good repair, Lender may enter the Property and make those repairs necessary to maintain the Property in good repair. Lender may pay any such tax, lien or security title, assessment, obligation, water rates, premium or other charge necessary to maintain the Property in good repair, or purchase such insurance in Lender's own name, if Borrower fails to do so. The amount Lender pays will be due and payable to Lender on demand, will bear an interest charge at the interest rate in effect from time to time as provided in the Note secured by this Deed of Trust. If permitted by law, or, if not, at the highest lawful interest rate, will be an additional lien or security title on the Property and may be enforced and collected in the same manner as the other obligations secured by this Deed of Trust. The insurance carrier providing the insurance referred to above will be chosen by Borrower subject to Lender's approval which will not be unreasonably withheld. All insurance policies and renewals must be acceptable to Lender and must include a standard mortgagee clause. Lender will have the right to hold the policies and renewals. If Lender requires, Borrower will promptly give to Lender all receipts of paid premiums and renewal notices. In the event of a loss, Borrower will give prompt notice to the insurance carrier and Lender. Lender may file a proof of loss if not made promptly by Borrower. Insurance proceeds will be applied to the restoration or repair of the Property damaged or, at Lender's option, the insurance proceeds will be applied to the sums secured by this Deed of Trust, whether or not then due, with any excess paid to Borrower. If Borrower abandons the Property, or does not answer within ten (10) days, a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may collect the insurance proceeds. Lender may use the proceeds to repair or restore the Property or to pay sums secured by this Deed of Trust, whether or not then due. The ten (10)-day period will begin when the notice is given.

**3. Application of Payments.** Unless applicable law provides otherwise, payments will be first applied to any prepayment charges, then to any costs and expenses incurred under this Deed of Trust, then to interest then due and then to principal.

**4. Preservation and Maintenance of Property; Leaseholds.** Borrower shall not destroy, damage or substantially change the Property, allow the Property to deteriorate or commit waste. If this Deed of Trust is on a leasehold, Borrower shall comply with the provisions of the lease, and if Borrower acquires fee title to the Property, the leasehold and fee title shall not merge unless Lender agrees to the merger in writing.

**5. Mortgage Insurance.** If Lender required mortgage insurance as a condition of making the loan secured by this Deed of Trust, Borrower shall pay the premiums required to maintain the insurance in effect until such time as the requirement for the insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

**6. Inspection.** Lender or its agent may make reasonable entries upon and inspections of the Property. Lender shall give Borrower notice at the time of or prior to an inspection specifying reasonable cause for the inspection.

**7. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender.

In the event of a total taking of the Property, the proceeds shall be applied to the sums secured by this Deed of Trust, whether or not then due, with any excess paid to Borrower. In the event of a partial taking of the Property, unless Borrower and Lender otherwise agree in writing, the sums secured by this Deed of Trust shall be reduced by the amount of the proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the taking, divided by (b) the fair market value of the Property immediately before the taking. Any balance shall be paid to Borrower.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the condemnor offers to make an award or settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the proceeds, at its option, either to restoration or repair of the Property or to the sums secured by this Deed of Trust, whether or not then due.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the payments referred to in paragraph 1 or change the amount of such payments.

**8. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Deed of Trust granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successors in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Deed of Trust by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**SEE PAGES 1, 3, 4 AND 5 FOR ADDITIONAL IMPORTANT TERMS**

TUTTLE, THOMAS
01/10/02   19 54   1450780
2-25588

Initial(s) X _____ X _____

Page 2 of 5

**9. Successors and Assigns Bound; Joint and Several Liability, Co-signers.** The covenants and agreements of this Deed of Trust shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 15 Borrower's covenants and agreements shall be joint and several Any Borrower who co-signs this Deed of Trust but does not execute the Note  (a) is co-signing this Deed of Trust only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Deed of Trust, (b) is not personally obligated to pay the sums secured by this Deed of Trust, and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Deed of Trust or the Note without that Borrower's consent

**10. Loan Charges.** If the loan secured by this Deed of Trust is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed the permitted limits, then  (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit, and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower  Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower  If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge under the Note

**11. Legislation Affecting Lender's Rights.** If enactment or expiration of applicable laws has the effect of rendering any provision of the Note or this Deed of Trust unenforceable according to its terms, Lender, at its option, may require immediate payment in full of all sums secured by this Deed of Trust and may invoke any remedies permitted by paragraph 17

**12. Notices.** Any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method  Borrower requests that copies of any notices of default and sale be sent to Borrower's address which is the Property Address unless otherwise indicated on the front page of this Deed of Trust  Any notice to Lender shall be given by first class mail to Lender's address stated herein or any other address Lender designates by notice to Borrower  Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph

**13. Governing Law; Severability.** This Deed of Trust is made pursuant to the Alternative Mortgage Transactions Parity Act of 1982 and applicable regulations  Otherwise, to the extent not preempted by such Act or regulations, this Deed of Trust is governed by Washington law, and any other applicable federal law  In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision  To this end the provisions of this Deed of Trust and the Note are declared to be severable

**14. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Deed of Trust

**15. Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Deed of Trust  However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Deed of Trust

**16. Default.** Upon default trustee shall sell the trust property in accordance with applicable law and public auction to the highest bidder  Except as otherwise provided, under applicable law, any person except trustee may bid at trustee's sale  Trustee shall apply the proceeds of the sale in accordance with applicable law and deliver to the purchaser at the sale, its deed, without warranty, which shall convey to the purchaser the interest in the property which borrower had, or had the power to convey at the time of the borrower's execution of this Deed of Trust, and such as may have been acquired thereafter  The trustee's deed shall recite the facts showing the sale was conducted in compliance with all the requirements of applicable law and this Deed of Trust, which recital shall be prima facie evidence of such compliance and conclusive evidence thereof in favor of bona fide purchasers and encumbrances for value  The power of sale conferred by this Deed of Trust, and by applicable law of this state is not an exclusive remedy, and when not exercised, Beneficiary may foreclose this Deed of Trust as a mortgage

**17. Lender in Possession.** Upon acceleration under paragraph 17 or abandonment of the Property, Lender may petition the court for the appointment of a receiver who shall be entitled to enter upon, take possession of, manage the property, and to collect the rents of the Property including those past due  Any rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Deed of Trust

**18. Reconveyance.** Upon payment of all sums secured by this Deed of Trust, Lender shall request the Trustee to reconvey the Property  Trustee shall reconvey the Property without warranty to the persons entitled thereto  The Trustee or Lender may charge a fee for services rendered in connection with the preparation, execution and recordation of a reconveyance, to the extent allowed by law  Borrower shall pay such fees and recording costs

**19. Substitute Trustee.** Lender, at its option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county in which the Property is located  The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this Deed of Trust is recorded and the name and address of the successor trustee  Without conveyance of the Property, the successor trustee shall succeed to all the title, powers and duties conferred upon the Trustee herein and by applicable law  This procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution

SEE PAGES 1, 2, 4 AND 5 FOR ADDITIONAL IMPORTANT TERMS

TUTTLE, THOMAS
01/10/02     19 54     1450780
2-2558C

Initial(s) X_____ X_____
Page 3 of 5

**20. Not for Agricultural Purposes.** The real property conveyed by this Deed of Trust is not used principally for agricultural or farming purposes

**21. Riders to this Deed of Trust.** If one or more riders are executed by Borrower and recorded together with this Deed of Trust, the covenants and agreements of each rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Deed of Trust as if the rider(s) were a part of this Deed of Trust [Check applicable box(es)]

[X] Adjustable Rate Rider    [ ] Condominium Rider    [ ] 2-4 Family Rider

[ ] Graduated Payment Rider    [ ] Planned Unit Development Rider

[ ] Other(s) [specify]

By signing below, Borrower accepts and agrees to the terms and covenants contained in this Deed of Trust and in any rider(s) executed by Borrower and recorded with it.

**SEE ATTACHED ARM RIDER TO DEED**
**SEE PAGES 1, 2, 3 AND 5 FOR ADDITIONAL IMPORTANT TERMS**

_____ (Seal)          _____ (Seal)
THOMAS J TUTTLE                -Borrower   KATHY R TUTTLE                -Borrower

_____ (Seal)          _____ (Seal)
Non-Borrower Spouse                        Non-Borrower Spouse

**STATE OF WASHINGTON**
**COUNTY OF** _King_ } ss.

On this _10TH_ day of _JANUARY_, _2003_ before me, a Notary Public in and for the State of Washington, personally appeared _THOMAS J TUTTLE_ and _KATHY R. TUTTLE_, personally known to me (or proved to me on the basis of satisfactory evidence) to be the persons who executed this instrument and acknowledged it to be their free and voluntary acts and deeds for the uses and purposes mentioned in the instrument.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal the day and year first above written.

NOTARY PUBLIC in and for the State of Washington, residing at _____

My appointment expires _9/29/03_

Print Name _ERIC R HEATH_

**REQUEST FOR RECONVEYANCE**

TO TRUSTEE

The undersigned is the legal owner and holder of the notes and all other indebtedness secured by this Deed of Trust. You are hereby requested and directed, on payment to you of any sums owing to you under the terms of said Deed of Trust, to reconvey, without warranty, all the estate now held by you under this Deed of Trust to the person or persons legally entitled thereto

Dated: _____

## EXHIBIT "A"

The South 150 feet of the West half of the Southeast quarter of the Northeast quarter of the Northwest quarter of Section 30, Township 21 North, Range 4 East, W M , in King County, Washington,

EXCEPT the East 195 feet thereof,

AND EXCEPT that portion thereof which lies within South 356th Street, as shown on the plat of L'ORIGAN MANOR, according to the plat thereof recorded in Volume 45 of Plats, page(s) 33, records of King County, Washington,

ALSO EXCEPT that portion deeded to King County for Southwest 356th Street, recorded under Recording No  8902230239

SITUATE in the County of King, State of Washington

## ABBREVIATED LEGAL

Portion of the Northeast quarter of the Northwest quarter of Section 30, Township 21 North, Range 4 East, W M

Tax Account No  302104-9078-03

## END OF EXHIBIT "A"

2002 011 8092135

**EXHIBIT A**
**(Legal Description)**



# ADJUSTABLE RATE RIDER

THIS ADJUSTABLE RATE RIDER is made this **10TH** day of **JANUARY**,
**2002**, and is incorporated into and shall be deemed to amend and supplement the Mortgage,
Deed of Trust, or similar instrument (the "Security Instrument") of the same date given by the
undersigned (the "Borrower") to secure Borrower's Adjustable Rate Promissory Note (the "Note") to
**THE CIT GROUP/CONSUMER FINANCE, INC.** , (the "Lender") of the same date and covering the
Property described in the Security Instrument and located at
**930 SW 356TH STREET FEDERAL WAY, WA 980237203**

*Property Address*

**THE NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN THE
INTEREST RATE AND THE MONTHLY PAYMENT. THE NOTE LIMITS
THE AMOUNT THE BORROWER'S INTEREST RATE CAN CHANGE AT
ANY ONE TIME AND THE MAXIMUM RATE THE BORROWER MUST PAY.**

**ADDITIONAL COVENANTS.** In addition to the covenants and agreements made in the Security
Instrument, Borrower and Lender further covenant and agree as follows

The Note provides for an initial interest rate of **7.99** % The Note provides for changes in
the interest rate and the monthly payments, as follows  The interest rate I will pay may change on
**01/15/05** and on that day every **6** month(s) thereafter  Each date on which my interest
rate could change is called a "Change Date "

Beginning with the first Change Date, my interest will be based on an Index  The "Index" is the
average of the interbank offered rates for six month U S  Dollar deposits in the London market based on
quotations of 5 major banks (LIBOR), as published in the Wall Street Journal  If the Index is no longer
available, the Note Holder will choose a new Index which is based upon comparable information  The
Note Holder will give me notice of this choice  The most recent Index figure available as of the date 45
days before each Change Date is called the "Current Index "  Before each Change Date, the Note Holder
will calculate my new interest rate by adding **7.00** % to the Current Index  The Note Holder will
then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal
that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in
substantially equal payments  The result of this calculation will be the new amount of my monthly
payment  The interest rate I am required to pay at the first Change Date will not be greater than
**10.99** % or less than **4.99** %  Thereafter, my interest rate will never be increased or
decreased on any single Change Date by more than **1.00** % from the rate of interest I have been
paying for the preceeding **6** months  My interest rate will never be greater than **13.99** %
My new interest rate will become effective on each Change Date  I will pay the amount of my new
monthly payment beginning on the first monthly payment date after the Change Date until the amount of
my monthly payment changes again  The Note Holder will deliver or mail to me a notice of any changes
in my interest rate and the amount of my monthly payment before the effective date of any change  The
notice will include information required by law to be given to me and possibly certain other information
as well

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this
Adjustable Rate Rider

_____ (Seal)
**THOMAS J TUTTLE**          -Borrower

_____ (Seal)
**KATHY R TUTTLE**          -Borrower

_____ (Seal)
                       -Borrower

_____ (Seal)
                       -Borrower

*01/10/02    19 54    1450780*
*82-4383 (1/00) Multistate Adjustable Rate Mortgage Rider   LIBOR*

2002 011 8092135

# EXHIBIT "C" ATTACHED

# (HEREUNDER)

# Notice of Default

**To:**

KATHY R. TUTTLE  THOMAS J. TUTTLE
930 SW 356TH ST  930 SW 356TH ST
FEDERAL WAY, WA  98023  FEDERAL WAY, WA  98023

Regarding the real property []Property[] located at:

**Property Address:**
930 SW 356TH ST
FEDERAL WAY, WA  98023

**If you are the owner of this property and you occupy it as your residence, you should take care to protect your interest in your home. This notice of default (your failure to pay or otherwise perform) is the first step in a process that could result in you losing your home. You should carefully review your options. For example:**

**Can you pay and stop the foreclosure process?**
**Do you dispute the failure to pay?**
**Can you sell your property to preserve your equity?**
**Are you able to refinance this loan or obligation with a new loan or obligation from another lender with payments, terms, and fees that are more affordable?**
**Do you qualify for any government or private homeowner assistance programs?**
**Do you know if filing for bankruptcy is an option? What are the pros and cons of doing so?**

**Do not ignore this notice; because if you do nothing, you could lose your home at a foreclosure sale. (No foreclosure sale can be held any sooner than ninety days after a notice of sale is issued and a notice of sale cannot be issued until thirty days after this notice.) Also, if you do nothing to pay what you owe, be careful of people who claim they can help you. There are many individuals and businesses that watch for the notices of sale in order to unfairly profit as a result of borrowers' distress.**

**You may feel you need help understanding what to do. There are a number of professional resources available, including home loan counselors and attorneys, who may assist you. Many legal services are lower-cost or even free, depending on your ability to pay. If you desire legal help in understanding your options or handling this default, you may obtain a referral (at no charge) by contacting the county bar association in the county where your home is located. These legal referral services also provide information about lower-cost or free legal services for those who qualify. You may contact the Department of Financial Institutions or the statewide civil legal aid hotline for possible assistance or referrals.**

A) **Property description:**

The South 150 feet of the West half of the Southeast quarter of the Northeast quarter of the Northwest quarter of Section 30, Township 21 North, Range 4 East, W.M., in King County, Washington, except the East 195 feet thereof, and except that portion thereof which lies within South 356th Street, as shown on the plat of L[]Origan Manor, according to the plat thereof recorded in Volume 45 of Plats, Page(s) 33, records of King County, Washington, also except that portion deeded to King County for Southwest 356th Street, recorded under recording no. 8902230239. Situate in the County of King, State of Washington

B) **Deed of Trust information:**  King County Auditor[] File No.: 20020118002135;  Recording Date: 01/18/02

C) **Declaration of payment default:**  The beneficiary declares you in default for failing to make payments as required by your note and deed of trust.

D) **Itemized account of the arrears:**

| | |
|---|---|
| Delinquent monthly payments beginning with the 04/18/10 installment. | $9,971.05 |
| Late charges: | $332.80 |
| Lender[] Fees and Costs | $1,402.73 |
| Trustee[] fees | $405.00 |
| Costs | |
| Title report (estimate) | $674.00 |
| Recording | $30.00 |
| Certified mail | $12.00 |
| Posting | $70.00 |
| **Total arrears and costs due today** | **$12,897.58** |

**E) Itemized account of all other specific charges, costs or fees that grantor or borrower is or may be obliged to pay to reinstate the deed of trust before the recording of the notice of sale.**

| | |
|---|---|
| Additional monthly payment | $1,994.21 |
| Additional late charge | $83.20 |

**F) Amount required to cure payment defaults before notice of sale recorded:**    **$14,974.99**
In addition, grantor or borrower must timely cure all other defaults before the note and deed of trust are deemed reinstated.

*Payments and late charges continue to accrue and additional advances may be made. The sums stated above are estimates only. Before attempting to reinstate the loan, call us at 425-586-1900 to learn the exact amounts of monetary defaults and actions required to cure possible other defaults.*

**G) Effect of failure to cure:** Failure to cure all alleged defaults within 30 days of mailing/personal service of this notice may lead to recordation, transmittal and publication of a notice of sale and the Property may be sold at public auction no less than 120 days from the date of this notice.

**H) Effect of recording, transmitting and publication of the notice of sale:** The effect of the recordation, transmittal and publication of the notice of sale will be to (i) increase the costs and fees and (ii) publicize the default and advertise the Property for sale.

**I) Effect of sale of the Property:** The Trustee's sale of the Property will deprive the borrower, grantor and any successor in interest of all their interest in the Property.

**J) Recourse to courts:** The borrower, grantor, any guarantor or any successor in interest has recourse to the courts pursuant to RCW 61.24.130 to contest the default(s) on any proper ground.

**K) Contact Information for Beneficiary (Note Owner) and Loan Servicer.**

The beneficiary of the deed of trust is **The Bank of New York Mellon, as Trustee for CIT Home Equity Loan Trust 2002-2, by Vericrest Financial, Inc. as attorney-in-fact**, whose address and telephone number are:

715 S Metropolitan Ave
Oklahoma City, OK 73108
800-621-1437

The loan servicer for this loan is Vericrest Financial Inc. (formerly The CIT Group/Sales Financing Inc.), whose address and telephone number are:

715 S. Metropolitan Ave
Oklahoma City, OK 73108

**L) Notice pursuant to the Federal Fair Debt Collection Practices Act:** If you are the consumer who originally contracted the debt or if you assumed the debt, then you are notified that:

1. As of the date of this notice you owe $219,836.91. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check. For further information, write to the address provided in Section 5 below or call us at 425-586-1900.
2. The creditor to whom the debt is owed The Bank of New York Mellon, as Trustee for CIT Home Equity Loan Trust 2002-2, by Vericrest Financial, Inc. as attorney-in-fact/Vericrest Financial Inc. (formerly The CIT Group/Sales Financing Inc.).
3. Unless within 30 days after receipt of this notice you dispute the debt or any portion of it, we will assume the debt to be valid.
4. If you notify us within 30 days after receipt of this notice that you dispute the debt or any part of it, we will request that the creditor obtain verification of the debt and mail it to you.
5. If you request within 30 days after receipt of this notice, we will request that the creditor provide you with the name and address of the original creditor, if different from the current creditor.
6. Written requests should be addressed to Northwest Trustee Services, Inc., Post Office Box 997, Bellevue, WA 98009-0997.

**Dated:  September 7, 2010**

The Bank of New York Mellon, as Trustee for CIT Home Equity Loan Trust 2002-2, by Vericrest Financial, Inc. as attorney-in-fact
By Northwest Trustee Services, Inc., its duly authorized agent

**This is an attempt to collect a debt and any information obtained will be used for that purpose.**

**NORTHWEST TRUSTEE SERVICES, INC.**
**P.O. BOX 997**
**BELLEVUE, WA 98009-0997**

File No: 8349.20025
Borrower: TUTTLE, KATHY and THOMAS
Client: Vericrest Financial Inc. (formerly The CIT Group/Sales Financing Inc.)

**BECKY BAKER**
**425-586-1900**
**FAX 425-586-1997**

# EXHIBIT "D" ATTACHED

# (HEREUNDER)



**VERICREST** ™
F I N A N C I A L

October 25, 2010

Thomas & Kathy Tuttle
930 SW 356th Street
Federal Way, WA 98023

Account Number(s): 9356984634

On October 25, Vericrest Financial, Inc. ("Vericrest"), the servicer of the above referenced loan, received a Qualified Written Request.

In accordance with section 6 of the Real Estate Settlement Procedures Act ("RESPA"), this letter is provided to acknowledge our receipt of your request.

Please be assured we will perform any needed research and will respond to your Request within the time period required by law.

If you have questions regarding our review process, please feel free to call Patty Saenz at 1-800-401-6587, extension 1430.

Sincerely,

Melody Davis
Quality Assurance

Cc:     File

VIA Federal Express




**VERICREST**™
FINANCIAL

October 28, 2010

Thomas and Kathy Tuttle
930 SW 356th
Federal Way, WA 98023


Re:   Account Number:      9356984634
      Property Address:    930 SW 356th, Federal Way, WA  98023


Dear Mr. and Mrs. Tuttle:

Vericrest Financial, Inc. ("Vericrest"), servicer of the referenced loan, is providing this correspondence in follow-up to your letter dated October 10, 2010 and received by Vericrest on October 25, 2010.

Vericrest believes that some of your requests are outside the scope of the documents and information required to be produced in response to a qualified written request ("QWR"). Pursuant to the Real Estate Settlement Procedures Act ("RESPA"), a QWR may only request information relating to the servicing of a loan, rather than to the creation or modification of a loan.

To the extent we were readily able to locate the documents you requested that were outside this scope, we are providing those as a courtesy to you, our borrower. However, certain documents that you requested are outside the scope of RESPA, and are either unavailable or would be overly burdensome to locate, and therefore, are not being produced.

Enclosed please find the following information:

1.  Uniform Residential Loan Application
2.  Adjustable Rate Promissory Note
3.  HUD-1 Settlement Statement
4.  Notice of Right to Cancel
5.  Compliance Agreement
6.  Disclosure Statement for Adjustable Rate Mortgage Loan
7.  Good Faith Estimate of Settlement Charges
8.  Deed of Trust
9.  Federal Truth in Lending Statement
10. Adjustable Rate Rider
11. Title Policy
12. Uniform Residential Appraisal Report
13. Payment History

With regards to the outstanding fees on your account, as of October 27, 2010, there is $1,645.53 in outstanding late charges on your account. These late fees have been accessed due to payments being made beyond the 15 day grace period as outlined in the Adjustable Rate Promissory Note.



Thomas and Kathy Tuttle
10/28/10
Page 2


In addition to the late fees, you also have $112.75 in outstanding fees. These fees stemmed from breach letters and field access charges.

Currently your account is due for the April 18, 2010 and subsequent payments, please allow the enclosed Payment History to serve as confirmation of past delinquencies reported to the credit bureaus.

Vericrest appreciates the opportunity to respond to your request, and we trust that the information provided brings a satisfactory resolution to this matter.

Should you have questions, please do not hesitate to call me directly at 1-800-401-6587, extension 1430.

Sincerely,

Patricia Saenz
Assistant Vice President
Customer Service

Cc:     File

Enclosures

**UNITED STATES POSTAL SERVICE**®

Home | Help | Sign in

Track & Confirm      FAQs

# Track & Confirm

## Search Results

Label/Receipt Number: **7010 1060 0001 4985 8253**
Expected Delivery Date: **October 25, 2010**
Class: **Priority Mail**®
Service(s): **Certified Mail**™
        **Return Receipt**
Status: **Delivered**

Your item was delivered at 10:34 am on October 25, 2010 in OKLAHOMA CITY, OK 73108.

Detailed Results:

- **Delivered, October 25, 2010, 10:34 am, OKLAHOMA CITY, OK 73108**
- **Arrival at Unit, October 25, 2010, 7:58 am, OKLAHOMA CITY, OK 73127**
- **Acceptance, October 22, 2010, 12:05 pm, LAKEWOOD, WA 98499**

### Notification Options

**Track & Confirm by email**

Get current event information or updates for your item sent to you or others by email.   *Go >*

**Track & Confirm**

Enter Label/Receipt Number.

*Go >*

---

Site Map    Customer Service    Forms    Gov't Services    Careers    Privacy Policy    Terms of Use    Business Customer Gateway

Copyright© 2010 USPS. All Rights Reserved.    No FEAR Act EEO Data    FOIA

---

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OKLAHOMA CITY OK 73108   OFFICIAL USE

| | |
|---|---|
| Postage | $   $4.90 |
| Certified Fee | $2.80 |
| Return Receipt Fee (Endorsement Required) | $2.30 |
| Restricted Delivery Fee (Endorsement Required) | $0.00 |
| Total Postage & Fees | $   $10.00   10/22/2010 |

Postmark Here

0063

Sent To VERICREST FINANCIAL
Street, Apt. No.; or PO Box No. 715 S METROPOLITAN AVE
City, State, ZIP+4 OKLAHOMA CITY, NY 73108

PS Form 3800, August 2006    See Reverse for Instructions

7010 1060 0001 4985 8253

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X _____ ☐ Agent ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
A. Aberdiun    10/25/10

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

...FINANCIAL
...litan AVE.
... NY 73108

3. Service Type
☐ Certified Mail ☐ Express Mail
☐ Registered ☑ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

7010 1060 0001 4985 8253

...usps.com/.../InterLabelInqui    PS Form 3811, February 2004    Domestic Return Receipt    102595-02-

# EXHIBIT "E" ATTACHED

# (HEREUNDER)

Northwest Trustee Services, Inc.
Attention: Nanci Lambert
P.O. Box 997
Bellevue, WA 98009-0997

**2010 1122 000918**
TITLE COURT SE ADT
PAGE-001 OF 001           14.00
11/22/2010 13:03
KING COUNTY, WA

8349.20025/Tuttle, Kathy and Thomas

## Assignment of Deed of Trust

For Value Received, the undersigned as Beneficiary, hereby grants, conveys, assigns and transfers to The Bank of New York Mellon, as Trustee for CIT Home Equity Loan Trust 2002-2, whose address is 715 South Metropolitan Avenue, Oklahoma City, OK 73108, all beneficial interest under that certain deed of trust, dated 01/10/02, executed by Thomas J. Tuttle and Kathy R. Tuttle, husband and wife, Grantors, to Old Republic Title, Ltd., Trustee, and recorded on 01/18/02, under Auditor's File No. 20020118002135, Records of King County, Washington.

Dated  11  November , 20 10

The CIT Group / Consumer Fianance, Inc. (a Delaware corporation) by VeriCrest Financial, Inc. as Attorney-in-fact

By:_____
Title: Sr. Vice President
       Karen Shields

STATE OF _____ )
                          ) ss
COUNTY OF_____ )

I certify that I know or have satisfactory evidence that _____ is the person who appeared before me, and said person acknowledged that (he/she) signed this instrument, on oath stated that (he/she) was authorized to execute the instrument and acknowledged it as the _____ of _____ to be the free and voluntary act of such party for the uses and purposes mentioned in the instrument.

Dated: _____

State of California   County of  San Diego  }ss.
On Nov. 15, 2010  before me,  Melinda Girardeau
Notary Public, personally appeared  Karen Shields
who proved to me on the basis of satisfactory evidence to be the
person(s) whose name(s) is/are subscribed to the within instrument and
acknowledged to me that he/she/they executed the same in his/her/their
authorized capacity(ies), and that by his/her/their signature(s) on the
instrument the person(s), or the entity upon behalf of which the person(s)
acted, executed the instrument. I certify under PENALTY OF PERJURY
under the laws of the State of California that the foregoing paragraph is
true and correct.   WITNESS my hand and official seal.

Melinda Girard

See below

NOTARY PUBLIC in and for the State of _____

Residing at _____
My commission expires _____

MELINDA GIRARDEAU
Commission # 1817196
Notary Public - California
San Diego County
My Comm. Expires Oct 12, 2012

# EXHIBIT "F" ATTACHED
# (HEREUNDER)

Becky Baker
Northwest Trustee Services, Inc.
P.O. Box 997
Bellevue, WA 98009-0997



20101122000919
TITLE COURT SE AST
PAGE-001 OF 001                    14.00
11/22/2010 13:03
KING COUNTY, WA

## Appointment of Successor Trustee

File No. 8349.20025

Thomas J. Tuttle and Kathy R. Tuttle, husband and wife is/are the grantor(s), Old Republic Title, Ltd. is the trustee and The CIT Group / Consumer Finance, Inc. (a Delaware corporation) is the beneficiary under that certain deed of trust dated 01/10/02 and recorded on 01/18/02 under King County, Washington Auditor's File No. 20020118002135.

The present beneficiary under said deed of trust appoints Northwest Trustee Services, Inc., a Washington corporation, whose address is P.O. Box 997, Bellevue, WA 98009-0997, as successor trustee under the deed of trust with all powers of the original trustee.

The undersigned present beneficiary warrants and represents that, as of the date this Appointment of Successor Trustee has been executed and acknowledged, it is the holder of the obligation secured by the subject deed of trust and is not holding the same as security for a different obligation.

The Bank of New York Mellon, as Trustee for CIT Home
Equity Loan Trust 2002-2, by Vericrest Financial, Inc. as
attorney-in-fact

By _____

**Paul Laird    Vice President**

STATE OF California )
                    )ss
COUNTY OF San Diego )

I certify that I know or have satisfactory evidence that **Paul Laird** is the person who appeared before me, and said person acknowledged that (he/she) signed this instrument, on oath stated that (he/she) was authorized to execute the instrument and acknowledged it as the **Vice President** of The Bank of New York Mellon, as Trustee for CIT Home Equity Loan Trust 2002-2, by Vericrest Financial, Inc. as attorney-in-fact to be the free and voluntary act of such party for the uses and purposes mentioned in the instrument.

Dated: Sept. 8, 2010

MELINDA GIRARDEAU
Commission # 1817196
Notary Public - California
San Diego County
My Comm. Expires Oct 12, 2012

_____
Notary Public in and for the State of California
Residing at 1110 La Mirada Ave Escondido CA 92026
My appointment expires Oct 12, 2012

NORTHWEST TRUSTEE SERVICES, INC.
Financing Inc.)
P.O. BOX 997
BELLEVUE, WA 98009-0997
425-586-1900   FAX 425-586-1997

Client:   Vericrest Financial Inc. (formerly The CIT Group/Sales

Borrower: TUTTLE, KATHY and THOMAS

# EXHIBIT "G" ATTACHED

# (HEREUNDER)

**USA-Foreclosure**
.com

| Home | Foreclosure Learning Center | Data Feed Services | FAQs | About Us |

Home

# Foreclosure Properties for All States with File Number "8349.20025"

Displaying foreclosure properties 1 - 1 of the 1 found.

## Filter the Results:

Filter the results by city:

Select city (optional) ▼

Filter the results by ZIP code:

Select ZIP code (optional) ▼

Filter the results by current sale date:

Select sale date (optional) ▼

☐ Show only active sales
☐ Show only Hot Properties
☐ Show only listings with minimum bid
☐ Show only Commercial properties

## Map of Properties 1 - 1:

Map data ©2011 Google

Turn off search result mapping

| Trustee Number | Property Address | City | State | Zipcode | Status | Original Sale Date | Previous Postponed Date | Current Sale Date |
|---|---|---|---|---|---|---|---|---|
| 8349.20025 | 930 Southwest 356th Street | Federal Way | WA | 98023 | Active | 03/04/2011 | 05/20/2011 | 06/24/2011 |



Number of records to display per page: 50
View printer-friendly list

After Recording, Return to:
Nanci Lambert
Northwest Trustee Services, INC.
P.O. Box 997
Bellevue, WA 98009-0997

2010120200010 10
TITLE COURT SE NTS        65.00
PAGE-001 OF 004
12/02/2010 13:55
KING COUNTY, WA

File No.:        8349.20025
Grantors:        Northwest Trustee Services, Inc.
                 The Bank of New York Mellon, as Trustee for CIT Home Equity Loan Trust
                 2002-2
Grantee:         Thomas J. Tuttle and Kathy R. Tuttle, husband and wife
Ref to DOT Auditor File No.: 20020118002135
Tax Parcel ID No.: 302104-9078-03
Abbreviated Legal:  Portion of the Northeast quarter of the Northwest quarter of section 30,
township 21 North, Range 4 East, W.M.

**Notice of Trustee's Sale**
Pursuant to the Revised Code of Washington 61.24, et seq.

I.

On March 4, 2011, at 10:00 a.m. The northwest corner of the ground level parking area located under
the Pacific Corporate Center building, 13555 SE 36th Street in the City of Bellevue, State of
Washington, the undersigned Trustee (subject to any conditions imposed by the Trustee) will sell at
public auction to the highest and best bidder, payable at time of sale, the following described real
property "Property", situated in the County(ies) of King, State of Washington:

The South 150 feet of the West half of the Southeast quarter of the Northeast quarter of the
Northwest quarter of Section 30, Township 21 North, Range 4 East, W.M., in King County,
Washington, except the East 195 feet thereof, and except that portion thereof which lies
within South 356th Street, as shown on the plat of L'Origan Manor, according to the plat
thereof recorded in Volume 45 of Plats, Page(s) 33, records of King County, Washington,
also except that portion deeded to King County for Southwest 356th Street, recorded under
recording no. 8902230239. Situate in the County of King, State of Washington

Commonly known as:   930 Southwest 356th Street
                     Federal Way, WA  98023

which is subject to that certain Deed of Trust dated 01/10/02, recorded on 01/18/02, under Auditor's
File No. 20020118002135, records of King County, Washington, from Thomas J. Tuttle and Kathy
R. Tuttle, husband and wife, as Grantor, to Old Republic Title, Ltd., as Trustee, to secure an
obligation "Obligation" in favor of The CIT Group / Consumer Fianance, Inc. (a Delaware
corporation), as Beneficiary, the beneficial interest in which was assigned by The CIT Group /

Consumer Fianance, Inc. (a Delaware corporation) to The Bank of New York Mellon, as Trustee for CIT Home Equity Loan Trust 2002-2, under an Assignment/Successive Assignments recorded under Auditor's File No. 20101122000918.

*The Tax Parcel ID number and Abbreviated Legal Description are provided solely to comply with the recording statutes and are not intended to supplement, amend or supersede the Property's full legal description provided herein.

II.

No action commenced by the Beneficiary of the Deed of Trust is now pending to seek satisfaction of the Obligation in any Court by reason of the Grantor's or Borrower's default on the Obligation.

III.

The Beneficiary alleges default of the Deed of Trust for failure to pay the following amounts now in arrears and/or other defaults:

|  |  | Amount due to reinstate by 11/30/2010 |
|---|---|---|
| Monthly Payments |  | $15,953.68 |
| Late Charges |  | $582.40 |
| Lender's Fees & Costs |  | $1,402.73 |
| Total Arrearage | $17,938.81 |  |
| Trustee's Expenses (Itemization) |  |  |
| Trustee's Fee |  | $675.00 |
| Title Report |  | $674.00 |
| Statutory Mailings |  | $9.56 |
| Recording Costs |  | $28.00 |
| Postings |  | $70.00 |
| Total Costs | $1,456.56 |  |
| Total Amount Due: |  | $19,395.37 |

IV.

The sum owing on the Obligation is: Principal Balance of $209,305.27, together with interest as provided in the note or other instrument evidencing the Obligation from 03/18/10, and such other costs and fees as are due under the Obligation, and as are provided by statute.

V.

The Property will be sold to satisfy the expense of sale and the Obligation as provided by statute. The sale will be made without representation or warranty, express or implied regarding title, possession, encumbrances or condition of the Property on March 4, 2011. The default(s) referred to in paragraph III, together with any subsequent payments, late charges, advances costs and fees thereafter due, must be cured by 02/21/11 (11 days before the sale date), to cause a discontinuance of the sale. The sale will be discontinued and terminated if at any time before the close of the Trustee's business on 02/21/11 (11 days before the sale date), the default(s) as set forth in paragraph III, together with any

subsequent payments, late charges, advances, costs and fees thereafter due, is/are cured and the Trustee's fees and costs are paid.  The sale may be terminated any time after 02/21/11 (11 days before the sale date), and before the sale by the Borrower, Grantor, or the holder of any recorded junior lien or encumbrance paying the entire balance of principal and interest secured by the Deed of Trust, plus costs, fees, and advances, if any made pursuant to the terms of the obligation and/or Deed of Trust.

## VI.

A written notice of default was transmitted by the Beneficiary or Trustee to the Borrower and Grantor at the following address(es):

### NAME AND ADDRESS

Kathy R. Tuttle
930 Southwest 356th Street
Federal Way, WA  98023

Thomas J. Tuttle
930 Southwest 356th Street
Federal Way, WA  98023

by both first class and either certified mail, return receipt requested on 09/07/10, proof of which is in the possession of the Trustee; and on 09/08/10 Grantor and Borrower were personally served with said written notice of default **or** the written notice of default was posted on a conspicuous place on the real property described in paragraph I above, and the Trustee has possession of proof of such service or posting.

## VII.

The Trustee, whose name and address are set forth below, will provide in writing to anyone requesting it a statement of all foreclosure costs and trustee's fees due at any time prior to the sale.

## VIII.

The effect of the sale will be to deprive the Grantor and all those who hold by, through or under the Grantor of all their right, title and interest in the Property.

## IX.

Anyone having any objection to the sale on any grounds whatsoever will be afforded an opportunity to be heard as to those objections if they bring a lawsuit to restrain the sale pursuant to RCW 61.24.130.  Failure to bring such a lawsuit may result in a waiver of any proper grounds for invalidating the Trustee's sale.

## X.

NOTICE TO OCCUPANTS OR TENANTS - The purchaser at the Trustee's Sale is entitled to *possession of the property on the 20*[th] *day following the sale*, as against the Grantor under the Deed of Trust (the owner) and anyone having an interest junior to the deed of trust, including occupants who are not tenants.  After the 20th day following the sale the purchaser has the right to evict occupants who are not tenants by summary proceedings under Chapter 59.12 RCW.  For tenant-occupied property, the purchaser shall provide a tenant with written notice in accordance with RCW 61.24.060.

The trustee's rules of auction may be accessed at www.northwesttrustee.com and are incorporated by this reference. You may also access sale status at www.northwesttrustee.com and www.USA-Foreclosure.com.

EFFECTIVE: 11/30/2010

Northwest Trustee Services, Inc., Trustee

By
Authorized Signature
P.O. BOX 997
Bellevue, WA 98009-0997
**Contact:  Nanci Lambert**
(425) 586-1900

STATE OF WASHINGTON   )
                       ) ss.
COUNTY OF KING         )

I certify that I know or have satisfactory evidence that Nanci Lambert is the person who appeared before me, and said person acknowledged that (he/she) signed this instrument, on oath stated that (he/she) was authorized to execute the instrument and acknowledged it as the Assistant Vice President of Northwest Trustee Services, Inc. to be the free and voluntary act of such party for the uses and purposes mentioned in the instrument.

Dated:  11/30/2010

ASHLEY ANN HOGAN
STATE OF WASHINGTON
NOTARY PUBLIC
MY COMMISSION EXPIRES
9-30-12

NOTARY PUBLIC in and for the State of
Washington, residing at ____Kent____
My commission expires ___9-30-2012___

NORTHWEST TRUSTEE SERVICES, INC., SUCCESSOR BY MERGER TO NORTHWEST TRUSTEE SERVICES PLLC FKA NORTHWEST TRUSTEE SERVICES, LLC, P.O. BOX 997,  BELLEVUE, WA 98009-0997 PHONE  (425) 586-1900 FAX (425) 586-1997

File No: 8349.20025
Client: Vericrest Financial Inc.
Borrower:  Tuttle, Kathy and Thomas

SERVING WA, OR, ID, CA, NV, AZ, MT HI

This is an attempt to collect a debt and any information obtained will be used for that purpose.