UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THOMAS J. TUTTLE,<br><br>  Plaintiff,<br><br>  v.<br><br>THE BANK OF NEW YORK MELLON, as Trustee for CIT Home Equity Loan Trust 2002-2, NORTHWEST TRUSTEE SERVICES, INC., and VERICREST FINANCIAL INC.,<br><br>  Defendants. | CASE NO. C11-1048-RSM<br><br>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER |

## I. INTRODUCTION

Plaintiff, proceeding *pro se,* has filed a "Verified Complaint and Request for Declaratory and Injunctive Relief." Dkt. #1. Out an abundance of caution, the Court will construe portions of the complaint relating to demands for temporary injunctive relief as a motion for a temporary restraining order. For the reasons set forth below, Plaintiff's motion is DENIED.

## II. BACKGROUND

Plaintiff and his wife, Kathy R. Tuttle, own property in Federal Way, Washington. On January 1, 2001, Mr. and Mrs. Tuttle executed a promissory note secured by a Deed of Trust, for the sum of $215,525 in favor of non-party CIT Group/Consumer Finance, Inc. Dkt. #1, Ex. B.

The Deed of Trust was recorded in King County, Washington. *Id.* On or about September 9, 2010, the Tuttles received a Notice of Default alleging that they were in default for failing to make payments as required by the note and deed of trust. Dkt. #1, Ex. C. The Notice of Default indicated that the Tuttles owed $12,897.58 in arrears and costs, beginning with the 4/18/2010 installment. *Id.* The beneficiary of the deed of trust was listed as Defendant "The Bank of New York Mellon, as Trustee for CIT Home Equity Loan Trust 2002-2, by Vericrest Financial, Inc. as attorney in fact." *Id.*

On or about October 25, 2010, the Tuttles sent Vericrest Financial a Qualified Written Request ("QWR") pursuant to the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601–2617. Dkt. #1, Ex. D. Vericrest Financial responded on October 29, 2010 by providing a number of documents related to the servicing of the Tuttles' home loan. *Id.* Vericrest Financial indicated that it was not required under RESPA to provide documents requested related to the creation or modification of the loan. *Id.*

On December 2, 2010, Northwest Trustee Services, Inc. recorded a Notice of Trustee's Sale. Dkt. #1, Ex. G. The trustee's sale was originally scheduled for March 4, 2011, and has since been postponed twice. *Id.* The current sale date is June 24, 2011, the date of this order. *Id.*

Plaintiff alleges a number of deficiencies with respect to the documentation supporting his obligation to pay under the promissory note. The thrust of Plaintiff's complaint is that the note "no longer exists because it may have been written over/taken over and unilaterally changed" by an unknown entity and that by doing so, the entity "effectively discharged the Plaintiff from the obligation and took the entire obligation upon its self of its own accord." Dkt. #1, ¶¶ 9, 11. Plaintiff also alleges claims for Erroneous Default, Mistaken Beneficiary, Erroneous Credit Reporting in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, and

violations of RESPA. Plaintiff seeks temporary, preliminary, and permanent injunctive relief, as well as money damages.

### III. DISCUSSION

Under the Federal Rules of Civil Procedure, a temporary restraining order may be granted without notice only if (1) it clearly appears from the specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition and (2) the applicant or applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required. Fed.R.Civ.P. 65(b)(1). The basic function of such injunctive relief is to preserve the *status quo* pending a determination of the action on the merits. *Los Angeles Memorial Coliseum Com'n v. National Football League,* 634 F.2d 1197, 1200 (9th Cir.1980). Plaintiff has not provided the Court with any certification regarding efforts made to give notice or reasons why notice should not be required to the other party. A temporary restraining order cannot issue without such certification.

Moreover, nonjudicial foreclosures in Washington are governed by the Deed of Trust Act ("DTA"), chapter 61.24 RCW. *Cox v. Helenius,* 103 Wash.2d 383, 693 P.2d 683, 685 (Wash.1985). The procedure set forth in RCW 61.24.130 for restraining a trustee's sale initiated pursuant to the DTA is "the only means by which a grantor may preclude a sale once foreclosure has begun with receipt of the notice of sale and foreclosure." *Cox,* 693 P.2d at 686. Under the statute, a court must "require as a condition the granting of a restraining order or injunction that the applicant pay to the clerk of the court the sums that would be due on the obligation secured by the deed of trust if the deed of trust was not being foreclosed." RCW 61.24.130(1). In

addition, the individual seeking the restraint must give "five days notice to the trustee of the time when, place where, and the judge before whom the application for the restraining order or injunction is to be made." RCW 61.24.130(2). "No judge may act upon such application unless it is accompanied by proof, evidenced by return of a sheriff, the sheriff's deputy, or by any person eighteen years of age or over who is competent to be a witness, that the notice has been served on the trustee." *Id.*

Plaintiff has not provided any evidence that he has complied with the provisions of the DTA. He has not paid to the clerk the sums that would be due on the obligation if the deed of trust was not being foreclosed. Nor has plaintiff provided the court with certification that he has provided the trustee with five days notice of the instant motion for temporary restraining order. Since the trustee's sale is scheduled to occur today, it is no longer feasible for Plaintiff to comply with this requirement. Accordingly, the Court cannot grant the relief requested.

## IV. CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Plaintiff's motion for temporary restraining order is DENIED.

(2) The Clerk is directed to forward a copy of this order to Plaintiff.

Dated this 24th day June 2011.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE