UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THOMAS J. TUTTLE,

                    Plaintiff,

        v.

THE BANK OF NEW YORK MELLON,
as trustee for CIT Home Equity Loan
Trust 2002-2, NORTHWEST TRUSTEE
SERVICES, INC., and VERICREST
FINANCIAL, INC.,

                    Defendant.

CASE NO. C11-1048-RSM

ORDER ON PLAINTIFF'S MOTION
TO VACATE DISMISSAL ORDER
AND JUDGMENT

       This matter comes before the Court's upon Plaintiff's Motion to Vacate Dismissal Order

and Judgment (Dkt. #26).  On March 6, 2012, the Court dismissed Plaintiffs claims relating to

the non-judicial foreclosure of his home (Dkt. #22).  Plaintiff now argues that the Court lacked

subject matter and personal jurisdiction and requests relief from judgment pursuant to Fed. R.

Civ. P. 60(b)(4).  For the reasons that follow, the motion is Denied.

       Rule 60(b) provides that "[T]he court may relieve a party … from a final judgment,

order, or proceeding for the following reasons: … (4) the judgment is void, [or] … (6) other

1   reason that justifies relief."   Under this rule, reconsideration is generally appropriate in three

2   instances: (1) when there has been an intervening change of controlling law, (2) new evidence

3   has come to light, or (3) when reconsideration is necessary to correct a clear error or prevent

4   manifest injustice.  *See School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d

5   1255, 1262 (9th Cir. 1993).

6        "A final judgment is 'void' for purposes of Rule 60(b)(4) only if the court that considered

7   it lacked jurisdiction, either as to the subject matter of the dispute or over the parties to be bound,

8   or acted in a manner inconsistent with due process of law." *U.S. v. Berke*, 170 F.3d 882, 883 -

9   884 (9th Cir. 1999) (citing *In re Ctr. Wholesale, Inc.,* 759 F.2d 1440, 1448 (9th Cir.1985); *Jones*

10  *v. Giles,* 741 F.2d 245, 248 (9th Cir.1984)).  "A judgment is not void merely because it is

11  erroneous." *In re Ctr. Wholesale, Inc.,* 759 F.2d at 1448.

12       Plaintiff brought the original action to enjoin the non-judicial trustee's sale of real

13  property.  Plaintiff averred jurisdiction in the Complaint over every defendant and each cause of

14  action (Dkt. #17, ¶¶ 7-9).  Plaintiff now asks the court to void the judgment under Fed. R. Civ. P.

15  60(b)(4), arguing that the court lacked subject matter and personal jurisdiction because there is a

16  question as to whether the promissory note relied upon by the parties was endorsed by the

17  original lender. (Dkt. #26, p. 3).  Plaintiff argues that the purported lack of endorsement

18  prevented Defendant Bank of New York Mellon ("BNYM"), the trustee, from achieving holder

19  status.  Although Plaintiff's jurisdictional challenge is unclear, BNYM was the named trustee

20  and a party that Plaintiff sought to enjoin.  To the extent that Plaintiff re-asserts his claims for

21  failed endorsement, Plaintiff's argument amounts to a collateral attack against the Court's final

22  judgment as the Court dismissed all claims under the Washington Deed of Trust Act ("DTA").

23  *See* Dkt. #22, pp. 9-11 (dismissing Plaintiff's "show me the note" –type DTA claims). Plaintiff

24

1   had an opportunity to challenge the Court's order on appeal, but elected not to do so.  Plaintiff's

2   jurisdictional challenge on the basis of claims considered and dismissed by the Court is without

3   merit.

4         Having reviewed Plaintiff's motion and the entirety of the record, the Plaintiff's Motion

5   to Vacate Dismissal Order and Judgment (Dkt. #26) is DENIED.

6         DATED September 18, 2012.

7

8

9

10         RICARDO S. MARTINEZ
           UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24